IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE T. MOTEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>K. ALLISON,<br><br>　　　　　　　　　　Defendants. | Case No. 1:12-cv-00600 AWI JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 6).<br><br>**OREDER DENYING PLAINTIFF'S MOTION FOR HEARING**<br><br>(Doc. 7) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Now pending before this Court is Plaintiff's motion to proceed in forma pauperis (Doc. 6) and Plaintiff's request for a hearing on "Imminent Endangerment of Life." (Doc. 11). For the foregoing reasons, the Court recommends Plaintiff's motions be denied.

**I.     BACKGROUND**

Plaintiff previously filed a civil rights action against Defendant Allison in the United States District Court for the Eastern District, case number 1:12-cv-00034 AWI-GSA, on December 19, 2011. (*See* United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (explaining that the court may take judicial notice of court records). Ten days later, Plaintiff filed the same

1  action in the United States District Court for the Northern District. (Doc. 1). That action was
2  later transferred to this Court from the Northern District of California on April 16, 2012 and is
3  now the action pending before this Court. (Doc. 12.)

4  In the earlier case, filed December 19, 2011, District Court Judge Anthony Ishii
5  determined that Plaintiff was ineligible to proceed in forma pauperis and denied Plaintiff's motion
6  for a hearing on "Imminent Endangerment of Life." (*See* Moten v. Allison, 2012 U.S. Dist.
7  LEXIS 19429 (E.D. Cal. Feb. 16, 2012). That case was dismissed without prejudice for
8  Plaintiff's failure to pay the filing fee. (Id.)

9  The complaint and motion for hearing presently before this Court are identical to those
10  filed on December 19, 2011 in the earlier case. Moten v. Allison, case number 1:12-cv-00034
11  AWI-GSA. (Doc. 6 and 7, here; 1:12-cv-00034 AWI-GSA, Docs. 1 and 5; *see also* Moten, 2012
12  U.S. Dist. LEXIS 19429).

13  **II.   MOTION FOR HEARING**

14  Plaintiff requests a hearing on "Imminent Endangerment of Life" to address Plaintiff's
15  allegations that correctional officers are targeting him with threats, false reports, sexual
16  harassment, and assault because of his participation in the Men's Advisory Council. (Doc. 7 at 1-
17  2). Plaintiff asks this Court to appoint a Special Master to assist him with this action. (Doc. 7 at
18  11). In support of his motion, Plaintiff filed an unverified declaration accusing Magistrate Judge
19  Michael J. Seng of exposing Plaintiff to assault and injury by "act[ing] Judge, Police, Jury and
20  Prosecutor of it's [sic] own wrong, inventing outrageous and frivolous accusations about the
21  defendants[]" in 2008. (Moten Decl., Doc. 7 at ¶¶3,4). Plaintiff claims his "life is in Imminent
22  Endangerment for filing complaint[s][,] grievances and litigation;" yet he fails to allege any
23  specific facts to demonstrate that a prison official has made serious threats against him or taken
24  any action preparing to cause harm to Plaintiff. (Id. at ¶6).

25  Plaintiff's motion for hearing here is identical to that before District Judge Ishii in
26  February of this year. (*See* 1:12-cv-00034 AWI-GSA, Doc. 5 and Doc. 7 (here) and Moten, 2012
27  U.S. Dist. LEXIS 19429). Just as Judge Ishii found in his prior review of the identical facts, this
28  Court finds also there is no plausible evidence that Plaintiff is presently under threat of imminent

danger. As for Plaintiff's request for a hearing, Plaintiff was advised in the First Informational Order of April 16, 2012, that "[b]ecause plaintiff is incarcerated and proceeds pro se, all pre-trial motions will be submitted without a hearing. Local Rule 230(l)."  (Doc. 13 at ¶9.) For these reasons, the Court recommends Plaintiff's request for a hearing on "Imminent Endangerment of Life" be **DENIED**.

### III. ELIGIBILITY TO PROCEED IN FORMA PAUPERIS

A prisoner may commence and proceed with an action in federal court without prepayment of fees pursuant to 28 U.S.C. § 1915. Section 1915, however, contains an explicit limitation. Known as the "there strikes rule," § 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In determining whether a dismissal counts as a "strike" under § 1915(g), a court must conduct a "careful examination of the order dismissing the action" in order to verify that, in fact, "the action was dismissed because it was "frivolous, malicious or failed to state a claim." (Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005)).

Here, the Court takes judicial notice that at least three previous actions filed by Plaintiff have been dismissed as frivolous or for failure to state a claim. (*See* Wilson, 631 F.2d at 119; *see also* Moten, 2012 U.S. Dist. LEXIS 19429 at 3, fn1).  On June 12, 2001, in Moten v. Renwick, 2:98-cv-00118-LKK-DAD-PC (ED Cal.), the District Court dismissed Plaintiff's action for failure to state a claim, as none of the four causes of action in his Fourth Amended Complaint stated facts sufficient to constitute a constitutional claim.  On November 23, 2004, in Moten v. Giurbino, 3:04-cv-01891-L-JMA (SD Cal.), the District Court dismissed the action for failure to state a claim.  Additionally, on September 18, 2006, in Moten v. Gomez, 2:03-cv-01729-GEB-DAD-PC, 2006 U.S. Dist. LEXIS 67081 (ED Cal.), the District Court dismissed Plaintiff's action as frivolous and for failure to state a claim because his claims merely duplicated claims the court had previously rejected in previous cases filed by Plaintiff.

Because Plaintiff has accumulated "three strikes" against him, he may only proceed in forma pauperis under § 1915 only if he is in imminent danger of serious physical injury at the time he brought the action. *See* 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). After a review of Plaintiff's complaint, the Court is convinced that he was not.

Plaintiff's Complaint is based on his belief that the hearing to determine whether he possessed a controlled substance was not conducted fairly; that he should not have been removed from his position as Chairman of the Men's Advisory Council (M.A.C.); that he was forced to submit to an illegal strip search; and that such actions are in retaliation for his prior involvement in the M.A.C and his filing of grievances and civil complaints. (Doc. 1). Despite these allegations, the Complaint does not demonstrate that Plaintiff is in imminent danger of serious physical injury. (Doc. 1).

Because Plaintiff has accumulated "three strikes" under § 1915(g) and was not in imminent danger of serious physical injury at the time he brought this action, Plaintiff is barred from proceeding in forma pauperis in this case. *See* 28 U.S.C. § 1915(g). Because Plaintiff has not paid the filing fee, the Court recommends the Plaintiff be required to pay the filing fee in full before proceeding with this litigation.

### III.   CONCLUSION

Plaintiff has, on three prior occasions, brought civil actions that have been dismissed as frivolous or for failure to state a claim and has not demonstrated facts to support a finding that he is under imminent danger of serious physical injury.

**ORDER**

Based upon the foregoing,

1.   Plaintiff's motion for a hearing on "Imminent Endangerment of Life" is **DENIED**. In addition, the Court **HEREBY RECOMMENDS**:

1.   Plaintiff's motion for to proceed in forma pauperis be **DENIED**;
2.   Plaintiff be required to pay the filing fee in full within 14 days of service of the Court's order adopting these Findings and Recommendations; and

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2012**                                  **/s/ Jennifer L. Thurston**
                                                                                  UNITED STATES MAGISTRATE JUDGE