IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE T. MOTEN,<br><br>            Plaintiff,<br>    v.<br><br>K. ALLISON,<br><br>            Defendants. | Case No. 1:12-cv-00600 AWI JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDERS**<br><br>(Doc. 22). |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 17, 2012, Plaintiff filed a motion to proceed in forma pauperis, (Doc. 6). On April 20, 2012, the Magistrate Judge issued findings and recommendations to deny Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(g), as Plaintiff had previously filed at least three actions that were dismissed as either frivolous. (Doc. 15).

The Order Adopting the Magistrate Judge's Findings and Recommendations was issued and served on July 6, 2012. (Doc. 22). The Order Adopting the Findings and Recommendations ordered Plaintiff to pay the filing fee in full within 14 days of service of the Court's order and cautioned him that the failure to comply would result in a dismissal of his entire matter. (Doc. 22 at 3). Despite the Court's order, Plaintiff has failed to pay the filing fee in full as required. For the reasons set forth below, the Court recommends Plaintiff's action be dismissed.

**I.     Discussion and Analysis**

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See* Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure to pay the filing fee and prosecute this action. Further, the factors in favor of dismissal outweigh the policy favoring disposition of cases on their merits.

In its July 6, 2012 order, the Court warned Plaintiff that if he failed to comply with the order, his entire matter would be dismissed. (Doc. 22 at 3). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order, and this satisfies the requirement that the Court consider less drastic measures than dismissal of the action. Ferdik,

963 F.2d at 1262; Henderson, 779 F.2d at 1424.  Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITHOUT PREJUDICE**; and

2. The Clerk of Court be directed to close this action because this order terminates the action in its entirety.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 1, 2012**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE